

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN
~~XXXXXXXXXXXXXX~~
~~XXXXXXXXXXXXXX~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable C.H. Cavness
State Auditor
Austin, Texas

Dear Mr. Cavness

Opinion No. O-5626

Re: Is the State Treasurer authorized
to cancel the Special Loan Fund
balance of $79,409.50?

Your letter of September 20, 1943, has been given our careful consideration. It reads as follows:

"In connection with an audit we are now making of the books of account and records of the State Treasury Department, we present the following data:

"The 'Special Loan Fund' balance of $79,409.50, carried on the books of the State Treasury Department, represents a receipt issued by the State Comptroller dated June 8th, 1865, photostatic copy of which is attached.

"In the State Comptroller's Annual Report for the fiscal year ended August 31st, 1902, is the following explanation thereto:

"'. . . under an Act of the Legislature passed in the year 1861, provision was made for an issue of bonds to supply deficiencies in the general revenue and a special tax was levied to pay same. It does not appear that any bonds were issued, but the sum of $79,409.50 was collected on account of the tax levied by this law. May 31, 1865, the Treasurer, as shown by a journal entry on the books of this office, turned over to the Comptroller for cancellation, Treasury Warrants amounting to $79,409.50, and accepted in lieu thereof the Comptroller's Certificate of Public Debt for that amount. In other words, the General Revenue account borrowed from the Special loan Tax account the amount stated. As no bonds were issued under this law, and as the proceeds, if bonds had been issued and sold, would have been available for the very purpose to which in effect the money received was applied, I see no reason why this certificate should not be

cancelled.  The account in fact represents absolutely nothing.

. . . . . '

"We respectfully ask your opinion as to whether this certificate can be cancelled and whether the State Treasurer has the authority to clear this old balance of $79,409.50 from the books of the State Treasury Department.  If the State Treasurer does not have this authority, how can such clearance be effected?"

It appears that on April 8, 1861, the Legislature authorized the Governor of the State to borrow $1,000,000.00 to be used to pay the State debts and pay current appropriations.  Said Act provided that a tax of 4¢ on each $100.00 value of property, real and personal, should be levied to pay said bond and interest.  (See Gammel's Laws, Vol. 5, p. 375).

On January 13, 1862, the Legislature amended the Act of April 8, 1861, in which the Legislature recited that no bonds at that time had been issued.  (See Gammel's Laws, Vol. 5, p. 486).

In your letter you state that as a matter of fact no bonds have ever been issued in or by virtue of said statutes.  As we understand your letter, there was however collected in taxes levied in virtue of said statute the sum of $79,409.50, which is represented by the State Comptroller's certificate for said amount given to C.H. Randolph, the State Treasurer, on June 8, 1865.

Since no bonds were ever issued under and in virtue of said statute, the purpose for which the tax was levied and collected failed. Since the money obtained from the sale of the bonds was, under said law, to be used in part for General Fund expenses, the money should have been transferred to the General Revenue Account.  As we understand your letter, said Fund was, in truth and in fact, transferred to the General Fund, and had been appropriated by the Legislature many years ago.

Said warrant or certificate should now be cancelled.  This account has erroneously been carried as a liability of the State for all these years.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By s/ Geo. W. Barcus
        Geo. W. Barcus
        Assistant

GWB-MR-wc

APPROVED OCT 1, 1943
s/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee By s/ BWB Chairman